872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nicholas KALIARDOS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1218.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Nicholas Kaliardos, seeks judicial review of the decision of the Secretary of Health and Human Services terminating his disability insurance benefits under Title II of the Social Security Act. See 42 U.S.C. Secs. 401 & 405(g) (1982). Plaintiff argues that the Secretary's decision to terminate his benefits because of his substantial gainful activity is not supported by substantial evidence. We find the Secretary's decision to be in accordance with law and supported by substantial evidence. We therefore affirm the judgment of the District Court.
 
 
 2
 The Secretary awarded disability benefits to plaintiff commencing May 23, 1980, due to ischemic heart disease. On November 8, 1982, the Michigan Disability Determination Service reevaluated plaintiff's disability status and terminated his receipt of benefits as of October 1982. On June 7, 1983, a de novo hearing was held before an ALJ who found plaintiff no longer entitled to benefits because plaintiff had performed substantial gainful activity by working in his dry cleaning business. The matter was appealed to the District Court which remanded for further fact-finding regarding plaintiff's work activities.
 
 
 3
 A second hearing was held before the ALJ on December 11, 1985. The ALJ once again found that plaintiff's work constituted a work activity sufficient to disqualify plaintiff from receipt of further benefits. Referring to both hearings, the ALJ found the following facts. After plaintiff suffered a heart attack in May of 1980, he closed his dry cleaning business for eight or nine months. In early 1981, despite his disability, plaintiff reopened the store although most of his customers have not since returned. Plaintiff said he reopened the store to ensure that the business would be sold as a going concern. Plaintiff stated that the store's business consists of cleaning as many as two or three garments per week. Plaintiff himself does none of the actual cleaning but supervises and instructs various "older guys" or members of his family who do the physical labor required.
 
 
 4
 Beyond the fact that plaintiff himself does none of the actual cleaning, plaintiff's testimony concerning his daily work activities is contradictory. At various points in his testimony, plaintiff stated that during a typical day he goes to the store and sits behind the counter, accepts and returns garments, and supervises any work that needs to be done. Plaintiff, however, also testified that he does not go to his business every day, that if he does, he arrives as late as 11:00 a.m., and that sometimes he doesn't go at all. It is undisputed, however, that plaintiff does go to the store and that if he does go he may stay all day.
 
 
 5
 Under the pertinent regulations, a person in plaintiff's position (a self-employed individual) has engaged in substantial gainful activity if he renders services clearly worth at least $300.00 per month to his business. The ALJ found that plaintiff's work activity as a counter person was worth at least $3.35 per hour. Thus, plaintiff needed to work approximately 89 1/2 hours per month in his store for his activity to be worth $300.00 per month to his business (exclusive of FICA and other employer contributions). After reviewing the testimony from both hearings, the ALJ concluded that plaintiff worked at the counter of his business without assistance at least 90 hours per month out of a 160 hour per month maximum. Both the magistrate and the District Court found the ALJ's calculations to be proper and supported by substantial evidence. Plaintiff appeals.
 
 
 6
 When reviewing the Secretary's decision terminating benefits, this court may set aside the agency's factual findings only if they are unsupported by substantial evidence. See 42 U.S.C.A. Secs. 405(g) & 423(f) (1983 & Supp.1988). If substantial evidence supports the Secretary's determination, a reviewing court is not free to substitute its view of the facts for that of the Secretary simply because the court would have resolved the issues differently examining the case de novo. Mullins v. Secretary of HHS, 836 F.2d 980, 982 (6th Cir.1987). The issue presented here is whether substantial evidence supports the Secretary's determination that plaintiff has engaged in substantial gainful activity.
 
 
 7
 The Social Security Act mandates that a recipient of benefits who engages in "substantial gainful activity" is no longer entitled to such benefits regardless of any actual disability affecting the claimant. See 42 U.S.C.A. Secs. 423(e) & (f).[1] See also Burkhalter v. Schweiker, 711 F.2d 841, 843 (8th Cir.1983). The Act further directs the Secretary to promulgate regulations defining the nature of "substantial gainful activity." See 42 U.S.C.A. Sec. 423(d)(4).[2]
 
 
 8
 Pursuant to the Congress' directive, the Social Security Administration promulgated regulations explaining exactly what activities will be considered "substantial" and "gainful." These regulations state that an activity is substantial if it is a work activity "that involves doing significant physical or mental activities" even if the work is part-time, pays less, or has less responsibility than the job previously held by the claimant. See 20 C.F.R. Sec. 404.1572(a) (1988). Gainful work activity is work activity of the kind done "for pay or profit ... whether or not a profit is realized." 20 C.F.R. Sec. 404.1572(b). Among other criteria (e.g., the nature of the work, the level of performance, assistance required, and time spent) the regulations focus upon earnings in determining what constitutes substantial gainful activity. See 20 C.F.R. Sec. 404.1574. Section 404.1574(b)(2) creates a presumption that an employee who earns more than $300.00 per month after 1979 is engaged in substantial gainful activity.
 
 
 9
 The Secretary will examine the self-employed individual's services in terms of their value to his business regardless of whether he receives any direct compensation for his services. See 20 C.F.R. Sec. 404.1575(a). The Secretary will consider a self-employed individual to have engaged in substantial gainful activity if the individual's work activity, despite being incommensurate with that of unimpaired individuals, is "clearly worth" $300.00 per month "when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work." See 20 C.F.R. Sec. 404.1575(a)(2).
 
 
 10
 This Circuit has previously held that the Secretary's initial determination of disability and coordinate grant of benefits gives rise to a presumption that the recipient is still disabled. See Haynes v. Secretary of HHS, 734 F.2d 284, 288 (6th Cir.1984). This presumption of continuing disability was held to require the Secretary, when seeking termination, to produce evidence that the claimant's condition has improved. Id. We believe, however, that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794 (1984), has eliminated this presumption.
 
 
 11
 The 1984 Act allows the Secretary to terminate benefits if substantial evidence demonstrates a recipient's ability to engage in substantial gainful activity. 42 U.S.C.A. Sec. 423(f) (1983 & Supp.1988). The Act further provides that any decision to terminate benefits must be made "on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." Id. Thus, Congress has apparently eliminated any presumption of continuing disability and in effect placed a continuing burden on the recipient, as Congress placed on him as an applicant, to demonstrate that he remains disabled and that he remains not capable of engaging in substantial gainful activity. See Polaski v. Heckler, 751 F.2d 943, 945-46 (8th Cir.1984); Langley v. Bowen, 651 F.Supp. 181, 186 (W.D.Mo.1986). Cf. Bowen v. Yuckert, --- U.S. ----, 107 S.Ct. 2287, 2294 n. 5 (1987) (claimant bears burden of showing that he is not engaged in substantial gainful activity); Mullins, 836 F.2d at 983 n. 5 (if a claimant is presently working he is automatically not qualified to receive benefits). Thus, in a termination of benefits situation, it is the recipient who bears the burden of proof on the issue of whether he is engaged in substantial gainful employment.
 
 
 12
 We believe the Secretary's determination that plaintiff's services in his dry cleaning establishment were worth $300.00 per month is supported by substantial evidence. Plaintiff's own testimony showed that he regularly went to his business in the morning, often as early as eight but sometimes as late as ten or eleven. During the day, plaintiff sat behind the counter, accepted garments, and supervised/directed whatever cleaning needed to be done. As noted by the District Court "[r]egardless of whether plaintiff actually took in any dry cleaning while in the store, he would have had to pay someone to sit there and keep the place warm and the lights on; accordingly, this is the type of work normally done for pay." In view of plaintiff's testimony, the ALJ's finding that plaintiff worked more than 90 hours per month was not without record support despite plaintiff's testimony that he was not at the shop every single day. The Secretary's inability to produce direct evidence of plaintiff's actual working hours does not preclude a finding that plaintiff had engaged in substantial gainful activity in light of plaintiff's testimony concerning the jobs he performed and the lack of evidence that plaintiff had any help whatsoever tending the store. It was not unreasonable for the ALJ to estimate the value of plaintiff's services at $300.00 per month.
 
 
 13
 Plaintiff's admitted activities at the counter and in instructing the cleaning procedures certainly involved significant mental if not physical activity. Plaintiff himself demonstrated the value of his services to his business when he stated that he needs to keep the "lights on" and create "the appearance of a business place" in order for him to sell the business as a going concern. In addition, plaintiff's records show that the business had several thousand dollars in gross receipts each year in the years following plaintiff's 1980 heart attack. Plaintiff's services at the business both alleviated the need to hire a counter-service employee and allowed the business to remain open pending a sale. The ALJ's conclusion that the value of this service to plaintiff's business constituted substantial gainful activity is supported by substantial evidence and is in accordance with law.
 
 
 14
 For the foregoing reasons, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Section 423(f) provides in the pertinent part that "[n]othing in this subsection shall be construed to require a determination that a recipient of benefits under this subchapter ... based on an individual's disability is entitled to such benefits if ... the individual is engaged in substantial gainful activity."
 
 
 [2]
 Section 423(d)(4) provides in the pertinent part that "[t]he Secretary shall be regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity.... Notwithstanding the provisions [defining disability], an individual whose services or earnings meet such criteria shall ... be found not to be disabled."