872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank R. WALKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1270.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1989.
Opinion Published in Full 884 F.2d 241.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges and JOHN W. POTTER, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Claimant appeals the award of summary judgment to the Secretary in this social security disability action. Because substantial evidence supports the Secretary's findings, we affirm.
 
 I.
 
 2
 Claimant was born on October 20, 1941, and he has received a General Equivalency Degree as well as training in machine operation. Claimant worked as an iron pourer from February 1971 to August 1982. Prior to that, he had worked as a machine operator since 1965.
 
 
 3
 On May 18, 1984, claimant applied for disability insurance benefits alleging disability as the result of alcoholism, emphysema, pulmonary fibrosis, arthritis, headaches, and tinuitis. He alleged an onset date of August 2, 1982. After initial denial of claimant's application, a hearing was conducted by an Administrative Law Judge ("ALJ"). Subsequently, the ALJ issued a decision affirming the denial of benefits to claimant. The ALJ found that claimant had a severe impairment resulting from dysthymic disorder, but that this impairment did not meet or equal any of the listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1 (1988). The ALJ further found that claimant had the residual functional capacity to perform his past relevant work, and he therefore concluded that claimant was not entitled to disability benefits under the Act. After the Appeals Council affirmed the decision of the ALJ, claimant filed a complaint in the district court seeking review of the Secretary's decision. The district court adopted the recommendation of the magistrate and remanded the case to the Secretary for application of the revised rules for determining disability due to mental disorders. The Appeals Council subsequently remanded the case to the ALJ. This appeal, then, concerns only claimant's alleged mental impairment.
 
 
 4
 At a second hearing held before the ALJ, claimant testified that he has had problems with nerves, anxiety, or depression since the age of sixteen or seventeen. He further testified that he is an alcoholic, but that he has been sober since June 1980. He regularly attends Alcoholic Anonymous meetings. Claimant voluntarily entered Saginaw Community Hospital in March 1981 seeking treatment for depression. After a two-week stay, he was diagnosed as suffering from dysthymic disorder. He was referred to the Tri-County Center for outpatient therapy. Beginning on May 17, 1982, claimant spent a month at the Battle Creek Sanitarium Hospital. On May 19, he was diagnosed as suffering from a schizoid personality disorder with predominant passive/aggressive tendencies. However, upon discharge from the Battle Creek Sanitarium Hospital on June 18, claimant "obviously felt better, the suicidal ideation went away, he and his girlfriend got along quite well...." On September 1, 1982, claimant "stopped attending therapy on his own volition." Dr. Charles Williams, claimant's psychiatrist and Zigmond A. Kozicki, M.A., claimant's therapist, reported that claimant was "manipulative," and that "much of his behavior was oriented toward receiving a permanent disability from the automobile plant for which he worked."
 
 
 5
 Claimant was not examined again until June 19, 1984 when Dr. N. Murthi, M.D. examined him for the Secretary. Dr. Murthi found claimant "mildly depressed," and diagnosed claimant as having dysthymic disorder and alcoholic dependency in remission. Dr. Murthi stated that claimant's prognosis "[a]ppears to be guarded."
 
 
 6
 At the second hearing before the ALJ, a vocational expert testified that claimant's previous work as an iron pourer could be classified as unskilled and light to medium. His work as a machine operator was unskilled and light. The ALJ then posed a hypothetical to the vocational expert derived from the May 19, 1982 report diagnosing claimant as suffering from schizoid personality disorder with predominant passive/aggressive tendencies. The vocational expert responded that if all the factors stated in the hypothetical were active at once, claimant "would not be able to function in a controlled or structured setting at all which would include work." The ALJ then posed a hypothetical based on the June 19, 1984 report of Dr. Murthi, and the vocational expert responded that although claimant's feelings of low self-worth and mild depression had a negative effect, they would not prevent him from performing his past relevant work because both jobs involved fairly low stress.
 
 
 7
 On September 30, 1986, the ALJ issued a decision recommending the award of benefits to claimant for the period beginning August 2, 1982 and continuing through June 18, 1984.[1] Based upon the May 19, 1982 report, the ALJ found that claimant had a severe dysthymic disorder and a schizoid personality disorder. Based upon the vocational expert's response to the hypothetical based on that report, the ALJ concluded that claimant could not perform his past relevant work as of that date. However, because claimant last worked in August 1982, the ALJ held that he was entitled to benefits beginning August 2, 1982, the alleged disability onset date. Based upon Dr. Murthi's June 19, 1984 report, the ALJ concluded that claimant regained the residual functional capacity to perform his previous work on that date. For this reason, the ALJ recommended that disability benefits be ended on that date.
 
 
 8
 The Appeals Council issued a decision on May 16, 1987 rejecting the ALJ's recommendation. The Appeals Council found that although claimant had "dysthymic disorder, a personality anxiety disorder with hyperventilation syndrome, possible alcoholic cardiomyopathy and a history of alcohol abuse, in remission," his statements regarding the severity of this condition and the exertional restrictions imposed by it were not fully credible and not supported by the medical findings. The Appeals Council observed that claimant had presented no evidence for the period between September 1, 1982 and June 1984. Further the Appeals Council noted "there is no indication of significant restriction of daily activities and the record does not show constriction of interests, seriously impaired ability to relate to others, nor are there significant exertional limitations." Because the vocational expert testified that "claimant's former occupation as an iron pourer was low stress unskilled work and light to medium in exertional demands," the Appeals Council held that claimant had the residual functional capacity to perform his past relevant work. For this reason, the Appeals Council found that claimant was not disabled.
 
 
 9
 Claimant again filed a complaint in the district court, and the magistrate issued a report and recommendation finding that the Secretary's decision was supported by substantial evidence. The magistrate noted that claimant had failed to present any medical evidence between September 1, 1982 and June 1984, and concluded that claimant "has failed to meet the requirement of Social Security Ruling 82-52 and Section 404.1505 of the regulations which provide that an impairment must have lasted or be expected to last for at least twelve continuous months from the date of onset in order to meet the durational requirements." The district court agreed with the magistrate's conclusion that substantial evidence supports the Appeals Council's decision, but was "concerned" that the magistrate "may have improperly applied the twelve-month durational limitation...." Nevertheless, the district court found that the report issued on June 18, 1982, upon claimant's discharge from Battle Creek Sanitarium Hospital, constituted substantial evidence in support of the Secretary's conclusion that claimant was not disabled. "Thus, plaintiff's mental condition was diagnosed as rather sound upon release in 1982." The district court therefore affirmed the Secretary's denial of benefits, and this appeal followed.
 
 II.
 
 10
 This court's review of the Secretary's findings in a social security disability case is limited to a determination of whether the Secretary's conclusions are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (1983). "Substantial evidence means more than a mere scintilla of evidence; it means such evidence as a reasonable mind might accept as adequate to support a conclusion." Sias v. Secretary of Health & Human Services, 861 F.2d 475, 479 n. 1 (6th Cir.1988) (citation omitted). It is particularly important to note in this case that it is the final decision of the Secretary, here the opinion of the Appeals Council, which is subject to review. If substantial evidence supports the Appeals Council's findings, the Secretary's denial of benefits must be affirmed even if substantial evidence also supports the ALJ's recommendation to the contrary. Mullen v. Bowen, 800 F.2d 535, 545-48 (6th Cir.1986) (en banc).
 
 
 11
 On appeal, claimant essentially argues that the Appeals Council erroneously concluded that claimant was not entitled to benefits because, although he had established an impairment severe enough to prevent him from engaging in any work whatsoever, the absence of any medical evidence after September 1, 1982 precluded a finding that claimant's impairment met the twelve-month durational requirement set forth in 20 C.F.R. Sec. 404.1505(a) (1988). This conclusion was erroneous, it is argued, because it ignores the "presumption of continuing disability [which] requires that the Secretary produce evidence that the claimant's condition improved, and in the absence of such evidence the claimant will be deemed to be still disabled." Haynes v. Secretary of Health & Human Services, 734 F.2d 284, 288 (6th Cir.1984). Claimant argues further that the district court exceeded the proper scope of review by concluding that claimant was never disabled even though both parties had argued that the issue to be resolved was whether claimant had met the twelve-month durational requirement. The genesis of this argument was the district court's decision to rely upon the report issued on June 18, 1982 when claimant was released from Battle Creek Sanitarium Hospital which indicated that his condition had improved, that he no longer had a suicidal ideation, and that he was getting along well with his girlfriend. This report was not discussed in the Appeals Council's decision. The real question presented, then, is whether the district court may look to portions of the record not discussed by the Appeals Council for substantial evidence to support the Secretary's ultimate conclusion.
 
 
 12
 It is well established that judicial review of the Secretary's findings must be based upon the record taken as a whole. Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir.1987); Garner v. Heckler, 745 F.2d 383, 388 (6th Cir.1984); Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 387 (6th Cir.1978). Thus, it is clear that both this court and the district court may look to any evidence in the record regardless of whether it has been cited by the Appeals Council. At oral argument, counsel for claimant conceded as much.
 
 
 13
 As the district court found, the report issued upon claimant's discharge from Battle Creek Sanitarium Hospital does constitute substantial evidence in support of the Secretary's conclusion that claimant's impairment was not disabling. The report establishes that claimant's mental condition had "obviously" improved during his one-month stay. Thus, the report is not inconsistent with the May 19 report upon which claimant relies. Furthermore, the testimony of the vocational expert clearly indicated that mild depression and low self-worth would not preclude claimant from returning to his past relevant work because of the low stress level of that work. This plainly provides substantial evidence to support the Secretary's finding that claimant was at no time rendered incapable of performing his past relevant work for a period of twelve months. At most, claimant has established that his impairment rendered him disabled for the one-month period between May 19, 1982 and June 18, 1982. For this reason, we hold that substantial evidence supports the Secretary's conclusion that claimant is not entitled to disability benefits.
 
 
 14
 AFFIRMED.