980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin W. BARKER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-5396.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marvin W. Barker applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. After a hearing in which Mr. Barker and another witness on his behalf testified, an administrative law judge denied benefits, finding that Mr. Barker did not suffer from a disability within the meaning of the Social Security Act. The United States magistrate judge and the district court both affirmed the decision of the administrative law judge. Mr. Barker challenges the district court's finding that substantial evidence exists in the record as a whole to support the administrative law judge's decision to deny benefits.
 
 
 2
 Mr. Barker, a truck driver, injured his back and neck on July 21, 1986 while climbing down from his truck. This injury aggravated a pre-existing condition, for which Mr. Barker had undergone two surgeries on his cervical spine in 1983 and 1984. At the time of his 1986 injury, Mr. Barker was under the care of Dr. Mark Lester in Allentown, Pennsylvania. Dr. Lester treated Mr. Barker for pain in his right arm and shoulder. Clinical examinations by Dr. Lester, in addition to examinations by two specialists, failed to reveal a traceable medical reason for Mr. Barker's pain. Mr. Barker relocated to Tennessee and consulted with Dr. Bennett Blumenkopf about his continuing arm and shoulder pain, which manifested itself on both sides of Mr. Barker's body. Dr. Blumenkopf conducted several examinations and ultimately performed a cervical laminectomy upon Mr. Barker. During this procedure, Dr. Blumenkopf discovered and removed a benign tumor from Mr. Barker's spinal cord. Dr. Blumenkopf's records indicate that the tumor, even though it has not recurred, could be a source of Mr. Barker's pain. Nonetheless, Dr. Blumenkopf has not restricted Mr. Barker's daily activities, and Dr. Blumenkopf has only restricted work activity to the extent that Mr. Barker may not lift in excess of 20 pounds.
 
 
 3
 After examining Mr. Barker's medical records and listening to the testimony of Mr. Barker and his fiancee, the administrative law judge found no objective evidence in Mr. Barker's medical record to support Mr. Barker's allegations of pain. Moreover, the administrative law judge specifically found that Mr. Barker's testimony regarding the seventy of his pain was not credible. Finally, the administrative law judge found that, even though Mr. Barker could not return to his previous vocation, a significant number of jobs existed in the national economy to which Mr. Barker could make a vocational adjustment. Therefore, the administrative law judge concluded that Mr. Barker was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d). The magistrate found that substantial evidence in the record supported the determination made by the administrative law judge, and the district court adopted those findings.
 
 
 4
 "This court's review of the Secretary's findings in a social security disability case is limited to a determination of whether the Secretary's conclusions are supported by substantial evidence." Walker v. Secretary of Health & Human Svcs., 884 F.2d 241, 244 (6th Cir.1989). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Studaway v. Secretary of Health & Human Svcs., 815 F.2d 1074, 1076 (6th Cir.1987) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "This court must examine the entire record to determine if the Secretary's findings are supported by substantial evidence." Jones v. Secretary, Health & Human Svcs., 945 F.2d 1365, 1369 (6th Cir.1991). Nonetheless, if substantial evidence supports the conclusion of the Secretary, this court must affirm that decision even if substantial evidence would also support a different decision. See Walker, 884 F.2d at 244.
 
 
 5
 Complaints of pain may support a claim of disability under 42 U.S.C. § 423(d). Duncan v. Secretary of Health & Human Svcs., 801 F.2d 847, 852 (6th Cir.1986). To determine whether subjective complaints of pain support a claim for disability, this court must determine "whether there is objective medical evidence of an underlying medical condition." Jones, 945 F.2d at 1369. If such evidence exists, this court then examines two additional factors: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or, (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id. Moreover, "[i]n evaluating complaints of pain, the administrative law judge may consider the credibility of the plaintiff[, and] ... his conclusions [about credibility] should be highly regarded." Bradley v. Secretary of Health & Human Svcs., 862 F.2d 1224, 1227 (6th Cir.1988) (citations omitted). Finally, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).
 
 
 6
 In this case, the administrative law judge first determined that Mr. Barker's complaints of pain might stem from the existence of his prior tumor. Even assuming the existence of the underlying medical condition, however, the administrative law judge determined that no objective medical evidence confirmed the severity of the pain as alleged by Mr. Barker, and that the underlying condition was not of such severity as to produce disabling pain. The administrative law judge specifically concluded that Mr. Barker's testimony, and the testimony of Mr. Barker's fiancee, as to the severity of Mr. Barker's pain was not credible. Furthermore, the administrative law judge determined that Mr. Barker could engage in a significant number of jobs in the national economy, even if Mr. Barker had to make a vocational adjustment. According to the record, Mr. Barker's treating physicians have placed no restrictions on Mr. Barker's activities other than restricting him to light work. Therefore, substantial evidence supports the administrative law judge's conclusions and the Secretary's decision to deny benefits because Mr. Barker does not have a "disability" within the meaning of the Social Security Act, 42 U.S.C. § 423(d).
 
 
 7
 The judgment of the Secretary is affirmed.