996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SVCS., Defendant-Appellee.
 No. 92-1917.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER; Circuit Judges.
 PER CURIAM.
 
 
 1
 Jessie Williams applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, et seq. After a hearing, an administrative law judge denied benefits, finding that Williams did not suffer from a disability within the meaning of the Social Security Act because Williams retained the capacity to perform a number of sedentary jobs in the national economy. The district court found that substantial evidence in the record supported the findings of the administrative law judge; therefore, the court affirmed the final decision of the Secretary to deny disability benefits. Williams challenges the district court's finding that substantial evidence exists in the record as a whole support the decision of the administrative law judge. We affirm.
 
 
 2
 Williams worked for Ford Motor Company from 1968 to 1988 in a light to medium job performing assembly and warehouse work. Her job required her to lift up to twenty-five pounds on occasion and to stand, sit, and walk frequently. In August 1988, Williams was hospitalized for a crisis related to sickle-cell anemia after leaving work with swollen legs.
 
 
 3
 Williams applied for disability insurance benefits on March 3, 1989, claiming that she had been unable to work since August 7, 1988 as the result of sickle-cell anemia, post-phlebitic syndrome, high blood pressure, a back impairment, and pain associated with the sickle-cell anemia and her back impairment. Williams received treatment from several physicians for these complaints.
 
 
 4
 After the Social Security Administration denied her application for benefits, Williams sought a hearing before an administrative law judge. The administrative law judge conducted a hearing on May 22, 1990, in which Williams and Dr. Elaine Tripi, a vocational expert testified. Williams testified that she suffered from debilitating pain, such that she was unable to sit or stand for more than forty-five minutes at a time and that she had to lie down for six to seven hours per day. Dr. Tripi testified that approximately 4,000 jobs existed in the Detroit metropolitan area and 8,000 jobs existed statewide consisting of assembly, sorting, packaging, and inspecting, all of a sedentary variety. Based on this testimony and the medical records submitted as evidence, the administrative law judge found that Williams had proven that she was unable to perform her previous work with Ford Motor Company. The administrative law judge then found that, although Williams was unable to perform in her previous capacity, the Secretary had met its burden of showing that a significant number of jobs existed in the national economy that Williams would be capable of performing. The administrative law judge expressly discredited Williams' testimony about the extent of pain she suffered.
 
 
 5
 On June 28, 1991, Williams filed this action, arguing that substantial evidence in the record as a whole did not support the findings of the administrative law judge. The district court found substantial evidence to affirm the findings of the administrative law judge. Williams filed this timely appeal.
 
 
 6
 "This court's review of the Secretary's findings in a social security disability case is limited to a determination of whether the Secretary's conclusions are supported by substantial evidence." Walker v. Secretary of Health & Human Svcs., 884 F.2d 241, 244 (6th Cir.1989). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Studaway v. Secretary of Health & Human Svcs., 815 F.2d 1074, 1076 (6th Cir.1987) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We "must examine the entire record to determine if the Secretary's findings are supported by substantial evidence." Jones v. Secretary, Health & Human Svcs., 945 F.2d 1365, 1369 (6th Cir.1991). If substantial evidence supports the conclusion of the Secretary, we must affirm that decision even if substantial evidence would also support a different conclusion. See Walker, 884 F.2d at 244.
 
 
 7
 We believe that the decision of the administrative law judge is supported by substantial evidence. Although some evidence in the record does support Williams' complaints, evidence to the contrary also exists. On appeal, we may not conduct a de novo review of the record, nor may we substitute our judgment for that of the administrative law judge if substantial evidence supports the conclusions of the administrative law judge. See id. Because substantial evidence supports the conclusions of the Secretary, the judgment of the district court is affirmed.