108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty F. BUTRUM, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, United States Department of
Health and Human Services, Defendant-Appellee.
 No. 96-5910.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 M.D.Tenn., No. 95-01019; L. Clure Morton, Judge.
 M.D.Tenn.
 AFFIRMED.
 Before: BROWN, BATCHELDER, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Betty F. Butrum appeals a district court order affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Butrum filed an application for supplemental security income benefits alleging that she suffered from nerve damage in the wrist, pain, and the residual effects of a back injury. Following a hearing, an administrative law judge (ALJ) determined that Butrum was not disabled because she could perform her past relevant work. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Butrum then filed a complaint seeking a review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment for the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 The record reveals that Butrum previously worked as an owner and operator of a fast food and full service restaurant, as an owner and operator of a catering business, as an insurance agent and as a salesperson. The vocational expert testified that Butrum could perform her previous work as an insurance agent and as a salesperson. However, the ALJ misquoted the vocational expert in stating that the vocational expert felt that Butrum could perform her past relevant work in the food service industry. Butrum argues that because the ALJ erred in identifying two of the prior positions which she could perform, the decision of the Commissioner is not supported by substantial evidence.
 
 
 6
 Judicial review of the Commissioner's findings must be based on the record taken as a whole. Walker v. Secretary of Health and Human Servs., 884 F.2d 241, 245 (6th Cir.1989). It is obvious that the ALJ misquoted the vocational expert. The vocational expert, however, clearly indicated that Butrum could perform her past relevant work as an insurance agent and as a salesperson. Therefore, Butrum has failed to satisfy her burden of showing that she is unable to perform her previous type of work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 7
 Further, we note that the vocational expert's testimony was based on the medical restrictions placed on Butrum by her treating physicians. Thus, the decision of the Commissioner is supported by the medical evidence. Given the medical evidence in the record, we conclude that Butrum's remaining arguments are without merit.
 
 
 8
 Accordingly, we affirm the district court's order.