39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond CASTOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4159.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1994.
 
 Before: MARTIN, NORRIS, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Raymond Castor was forty years old at the time he was denied Supplement Security Income; that decision was upheld in the district court. He is illiterate and has not been gainfully employed since 1985, when he worked as a laborer. Castor has a borderline I.Q. ranging from 72 to 79. He also has a drinking problem. Regrettably he is not disabled under the Social Security Act.
 
 
 2
 In connection with a prior claim not before this Court, Dr. Swearingen conducted a psychological evaluation of Castor upon referral by the Ohio Bureau of Disability Determination in June 1989. He reported that Castor had stopped drinking seven months prior to the interview; he diagnosed alcohol dependence, borderline intellectual functioning, and dependant and passive/aggressive personality traits. He further found that Castor could not withstand much external pressure without resuming his drinking.
 
 
 3
 In September 1989, Dr. Douglas, another psychologist, performed an intake evaluation of Castor in connection with his prior application. It was Dr. Douglas' impression based on a clinical interview that Castor suffered from major depression, as well as recurrent and episodic alcohol abuse. In December 1989, Dr. Malinky reviewed the record and diagnosed mental retardation. He noted evidence of substance abuse that appeared to be in remission, and characterized Castor's ability to maintain social functioning as "moderate." In July 1990, Dr. Driscoll performed a psychological evaluation of Castor, who reported that he had limited his drinking during the prior two years. Dr. Driscoll found Castor to be oriented, with an adequate contact in reality, and concluded that he could withstand the stress and pressure of day-to-day work.
 
 
 4
 In August and October 1990, Drs. Zwissler and Goldsmith performed psychological reviews of the record. They assessed Castor's Mental Residual Functional Capacity and characterized Castor's ability to perform work-related functions as "moderate" in certain areas. Dr. Zwissler concluded that Castor retained the ability to do simple, routine, low-stress work. Dr. Goldsmith similarly concluded that Castor could perform simple, repetitive, low-stress work.
 
 
 5
 Castor also complains of various physical ailments. Dr. Setnar, an osteopath, examined Castor in July 1990. In his opinion, Castor had the ability to perform work-related activities. Castor also received treatment from Dr. Master, another osteopath, who concluded that Castor was "100% totally disabled from any form of gainful employment." In September 1989, however, Dr. Master indicated that Castor could lift and carry up to twenty pounds occasionally, sit for four hours, walk for two hours, and stand for three hours per day. In May 1991, Dr. Walkowski, a physician with the Master Clinic, again concluded that Castor was totally disabled from any form of gainful employment, but indicated that he could sit, stand, and walk for up to two hours each at a time.
 
 
 6
 In connection with his prior application for benefits, Castor submitted a report from a nurse at the Master Clinic. This report stated that his chart displayed no end organ damage, that there was no documentation of black-outs or dizzy spells, and that Castor's diabetes was controlled. Castor's ability to relate to others and care for his personal needs was normal, and he was not restricted in his daily activities by any emotional problems. Castor's chart indicated that he was employable.
 
 
 7
 Castor testified at the administrative hearing concerning his mental and physical problems, as well as his substance abuse. As a medical advisor, Dr. Tischler testified at the hearing that the record documented only borderline intellectual functioning and alcohol dependance. He stated that Castor could perform simple, repetitive, low stress work. Dr. Walsh, a vocational expert, also testified that a hypothetical claimant similar to Castor could work.
 
 
 8
 Castor applied for Supplemental Security Income a second time on April 18, 1990, alleging that he became disabled in June 1985, due to back and liver disorders and diabetes. The Social Security Administration denied this application. Upon de novo review, the administrative law judge determined that Castor was not disabled. He rejected the opinions of disability expressed by Drs. Walkowski and Master because they were unsupported by the clinical findings and were based upon impairments that they were not qualified to diagnose. Castor's request for Appeals Council review of that decision was denied, making the administrative law judge's decision the final decision of the Secretary of Health and Human Services. Castor then sought judicial review of the Secretary's final decision pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3). On September 22, 1993, the district court affirmed the Secretary's decision. Castor filed a timely notice of appeal seeking reversal and the award of benefits.
 
 
 9
 We find that there is substantial evidence in the record as a whole to support the Secretary's decision that Castor was not disabled. The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides:
 
 
 10
 An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 11
 This Court "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987). Substantial evidence, moreover, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. In deciding whether there is substantial evidence in the record, we may not review the evidence de novo, decide questions of credibility, or weigh the evidence. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989). "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 286 (6th Cir.1994).
 
 
 12
 Castor makes four arguments in support of this claim: that the administrative law judge improperly relied on his appearance and demeanor and failed to properly evaluate the voluntariness of his continued drinking; next, that the administrative law judge did not give the proper weight to the opinions of his treating physicians, Drs. Master and Walkowski; third, that the administrative law judge "ignored expert medical opinion" by failing to specifically accept or reject certain findings; and finally, that the judge improperly relied upon the vocational expert's answer to a hypothetical question.
 
 
 13
 We find that the record supports the judge's finding that neither Castor's physical nor mental impairments prevented him from performing light work. It was reasonable for the administrative law judge to reject the opinions of Drs. Master and Walkowski, as a treating physician's opinion is entitled to deference only if supported by objective findings. 20 C.F.R. Sec. 416.927(d)(3) (1993); Cutlip, 25 F.3d at 287; Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir.1992). "[T]he determination of disability is the prerogative of the Secretary, not the treating physician." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 14
 The record further supports the conclusion that Castor's alcoholism is not disabling. The "mere inability to control alcohol intake is not sufficient to allow for a finding of disability. There must be serious interference with the claimant's normal day-to-day activities." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 842 (6th Cir.1986). Castor showed neither that he had lost voluntary control of his drinking nor that his alcoholism precluded all work activity.
 
 
 15
 Further, in considering the medical evidence and other factors, the administrative law judge reasonably concluded that Castor's testimony to disabling limitations was not credible. That conclusion is entitled to considerable deference. Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990); Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1030 (6th Cir.1990). Finally, the judge properly weighed the vocational expert's testimony, disregarding answers to hypotheticals that were based on reports submitted in connection with Castor's prior application. The judge was not required to consider those reports, much less the vocational expert's responses to questions based on those reports. Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 687 (6th Cir.1992).
 
 
 16
 The decision of the district court is AFFIRMED.