**Charlene M. CUTLIP, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 93–3120.

United States Court of Appeals, Sixth Circuit.

Submitted March 4, 1994.

Decided March 17, 1994.*

* This decision was originally issued as an "unpublished decision" filed on March 17, 1994. On May 31, 1994, the court designated the opinion as one recommended for full-text publication.

Marcia W. Margolius (briefed), Brown & Margolius, Cleveland, OH, for plaintiff–appellant.

Michael Anne Johnson, Asst. U.S. Atty. (briefed), and Iden Grant Martyn, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, OH, for defendant–appellee.

Before: MERRITT, Chief Judge; and MILBURN and SILER, Circuit Judges.

PER CURIAM.

Plaintiff Charlene M. Cutlip seeks judicial review of the decision of the Secretary of Health and Human Services terminating her social security disability benefits. The district court affirmed the Secretary's decision. For reasons stated hereafter, we **affirm.**

*Background*

Cutlip filed applications for disability insurance benefits and supplemental security income, alleging disability due to back impairments. The applications were initially denied. However, on November 25, 1986, the Secretary awarded benefits to Cutlip after determining she had become disabled as of August 1, 1985, as a result of a vertebrogenic disorder, an impairment meeting the requirements of 20 C.F.R. Part 404, subpt. P, App. 1, § 1.05(C).

On February 2, 1990, a hearing was held before an administrative law judge (ALJ) to determine whether Cutlip's disability had ceased in June 1988. The ALJ determined that Cutlip no longer suffered from a listed impairment and that her disability ended as

of June 1988. The ALJ further found that her medical condition had improved and that there was a significant number of jobs in the national economy that she could perform.

The Appeals Council denied Cutlip's request for review, making the ALJ's decision the final decision of the Secretary. Cutlip then sought judicial review in the district court. A magistrate judge recommended that the Secretary's decision be reversed, because the Secretary failed to accord proper weight to the opinions of Cutlip's treating physicians, Cutlip was entitled to a presumption that her disability still exists, and substantial evidence did not support the Secretary's decision. The district court rejected the magistrate's recommendation and decided that substantial evidence supported the Secretary's finding that Cutlip's medical condition had improved to the extent that she was able to engage in substantial gainful activity.

### Discussion

■ Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir.1981), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). This

court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. *See Brainard v. Secretary of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984).

■ In determining the existence of substantial evidence, this court must examine the administrative record as a whole. *Kirk,* 667 F.2d at 536. If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc).

■ This case turns on whether substantial evidence shows that (1) there has been medical improvement in Cutlip's impairment (other than improvement which is not related to her ability to work), and (2) she now has the ability to engage in substantial gainful activity. *See* 42 U.S.C. § 423(f)(1). If substantial evidence supports both prongs, then the Secretary correctly terminated Cutlip's benefits. The decision whether to terminate benefits must "be made on the basis of the weight of the evidence and on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled."[1] *Id.* § 423(f).

■ Cutlip primarily complains that the Secretary should have given more weight to the opinions of her treating physicians, who both reported that her condition had not

---

1. As the Social Security Disability Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), eliminated any presumptions of disability, the magistrate judge erred in finding a presumption of continuing disability pursuant to *Haynes v. Secretary of Health & Human Servs.,* 734 F.2d 284, 288 (6th Cir.1984). *See Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991); *Kaliardos v. Secretary of Health & Human Servs.,* No. 88–1218, 1989 WL 25795, at *2, 1989 U.S.App. LEXIS 2269 (6th Cir. Feb. 27, 1989) [872 F.2d 1026 (table)] (unreported); *Soper v. Heckler,* 754 F.2d 222, 224 n. 1 (7th Cir.1985). Since the

enactment of the Social Security Disability Reform Act of 1984, there have been opinions in this circuit recognizing the presumption of continuing disability as stated in *Haynes,* 734 F.2d at 288, but they have failed to address the clear conflict between such a presumption and the statutory language in § 423(f). *See Perket v. Secretary of Health & Human Servs.,* 905 F.2d 129, 131 (6th Cir.1990); *Walker v. Secretary of Health & Human Servs.,* 884 F.2d 241, 244–45 (6th Cir.1989); *Harmon v. Secretary of Health & Human Servs.,* 749 F.2d 357, 359 (6th Cir.1984).

improved since 1986 and that she was still disabled. The Secretary, however, is not bound by treating physicians' opinions, especially when there is substantial medical evidence to the contrary. *See Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir.1992); *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990); *Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). Such opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence. *Young,* 925 F.2d at 151.

■ The Secretary's decision is in accordance with the law and is supported by substantial evidence. Although the opinions of Cutlip's treating physicians, Drs. Zahn and Rich, were favorable to her, they were conclusory and inconsistent with the other evidence. The following evidence supports the Secretary's decision:

(1) X-rays of Cutlip's lumbar spine in February 1988 revealed only "mild bulging" of the discs and showed no signs of disc herniation and no significant nerve root compression.

(2) A consultive examination by Dr. Pinkowski on April 19, 1988, revealed she had no pain upon axial compression or pelvic twisting, and no sensory loss, motor weakness, muscle atrophy, reflex abnormalities or gait abnormalities.

(3) After reviewing Cutlip's medical records, two other physicians, Drs. Colachis and Jenks, indicated that Cutlip's condition had improved to the point where she could do light work as of June 1988. Dr. Colachis's review found Cutlip to no longer have any significant weaknesses, sensory changes or reflex abnormalities. He further found significant medical improvement with regard to her nerve root injury. Dr. Jenks likewise found significant improvement in Cutlip's medical condition.

(4) Dr. Joseph Foley, a medical expert, opined that Cutlip's condition had improved as of April 1988 and that she no longer met the requirements of 20 C.F.R. Part 404, subpt. P, App. 1, § 1.05(C).

(5) By June of 1988, Cutlip's daily activities included driving a car, shopping, doing laundry, cooking, and making beds.

In light of the foregoing, there is substantial evidence in the record supporting the Secretary's decision that Cutlip's disability terminated as of June 1988. The Secretary also correctly applied the law. He found that Cutlip had medical improvement that was related to her ability to work, and he determined that she had the ability to engage in substantial gainful activity. *See* 42 U.S.C. § 423(f)(1). Contrary to Cutlip's contentions, she is not entitled to a presumption of continuing disability, *see id.* § 423(f), and her physicians' opinions are not controlling, *see Cohen,* 964 F.2d at 528.

The Secretary's decision is supported by substantial evidence and is in accordance with law.

Affirmed.