41 F.3d 1506
 Unempl.Ins.Rep. (CCH) P 14189B
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dudgar F. GOEMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1385.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: KENNEDY, WELLFORD, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Dudgar F. Goeman, a Michigan resident who is proceeding pro se, appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ms. Goeman filed an application for social security disability insurance benefits alleging that she suffered from swelling, pain, and cramps in her right leg due to phlebitis. Following a hearing, an Administrative Law Judge (ALJ) determined that Ms. Goeman was not disabled because she had the residual functional capacity to perform her previous type of work as a cashier. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Ms. Goeman then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Secretary. In her timely appeal, Ms. Goeman requests oral argument.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Ms. Goeman contends that the Secretary improperly rejected Dr. Pfeifer's opinion of November 19, 1992, in which he states that Ms. Goeman was totally disabled prior to the expiration of her insured status. In 1979 and 1980, however, Dr. Pfeifer was of the view that Ms. Goeman could perform any job that permitted her to sit and elevate her leg. Because Dr. Pfeifer's 1992 report contradicts his 1979 and 1980 opinions, the Secretary properly rejected the conclusory and unsubstantiated 1992 report. The 1992 report would have been entitled to the weight Ms. Goeman urges us to give it only if it had been supported by sufficient clinical findings and only if it had been consistent with the evidence as a whole. See Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 287 (1994).
 
 
 6
 The district court concluded that the ALJ erred in relying on the vocational expert's testimony that Ms. Goeman could perform her past relevant work as a cashier at a grocery store. The court held, however, that the error did not mandate an award of disability benefits. We agree. Even if a claimant cannot perform her past employment, she is not disabled if there is work in the national economy that she can perform. See Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The vocational expert's testimony provided substantial evidence to support the conclusion that Ms. Goeman was not disabled because she could perform sedentary cashiering work and other unskilled sedentary jobs such as simple assembly, packing, and visual inspection.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.