42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy DILLS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5051.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 1
 Before: KEITH, NELSON and LAY,* Circuit Judges.
 
 ORDER
 
 2
 Roy Dills appeals a district court order affirming the Secretary's denial of his applications for social security disability benefits and supplemental security income (SSI) benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dills filed applications with the Secretary, seeking social security disability and SSI benefits. Dills alleged that he suffered from a disabling heart condition. Following a hearing, the administrative law judge (ALJ) determined that Dills was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council affirmed the ALJ's determination. Dills then filed a complaint seeking judicial review of the Secretary's decision. The district court determined that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Dills has filed a timely appeal.
 
 
 4
 Upon review, we determine that substantial evidence exists on the record as a whole to support the Secretary's decision. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989). The medical evidence in the record supports the ALJ's conclusion that Dills can perform a limited range of light work. Further, the ALJ properly disregarded the disability finding of Dills' treating physician because his opinion was not supported by detailed clinical and diagnostic test evidence. Although a treating physician's opinion is ordinarily entitled to great weight, it is not binding upon the ALJ. Cutlip v. Sec'y of Health and Human Servs., 25 F.3d 284, 287 (6th Cir.1994). See generally Jones v. Sec'y of Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). It is also noted that the physician's disability finding was rendered shortly after an ALJ had determined that Dills was not disabled. The vocational expert's testimony that other jobs which Dills can perform exist in the regional and national economy likewise constitutes substantial evidence in support of the Secretary's decision. See Bradford v. Sec'y of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986). Substantial evidence also supports the ALJ's conclusion that Dills does not suffer from disabling pain. See Duncan v. Sec'y of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). There is ample evidence to suggest that Dills' well-being would improve considerably, moreover, if he stopped smoking, lost weight, terminated his indiscriminate use of multiple drugs, and began taking moderate exercise.
 
 
 5
 Accordingly, and for the reasons set forth in the district court's order filed on December 10, 1993, we affirm the judgment.
 
 
 
 *
 The Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation