77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betsy KIRK, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6609.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1996.
 
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Because the Commissioner of Social Security concluded that Betsey Kirk was not precluded from performing past relevant work on September 30, 1982, the date on which the claimant was last insured for Social Security disability benefits purposes, she denied Kirk's request for such payments. We now AFFIRM that decision.
 
 I.
 
 2
 On May 31, 1989, Kirk filed an application for disability insurance benefits with the Social Security Administration, claiming that she was prevented from performing gainful employment because of severe breathing problems and back pain. At a hearing before an administrative law judge, she presented evidence that she was then sixty years old, had an eighth grade education, had worked as a cashier and shop clerk in a family grocery and as a school janitor, and was last insured for disability purposes on September 30, 1982.
 
 
 3
 The administrative law judge appropriately determined that Kirk was required to establish the onset of her disability prior to that September date. Although he then concluded that Kirk was unable to return to her previous relevant work as a store clerk or a janitor because of her breathing and back problems, the decisionmaker nevertheless ruled that the claimant was still able, as of September 30, 1982, to perform a significant number of jobs in the region in which she resided. Consequently, he found that Kirk was not disabled and was not entitled to disability benefits. The matter was eventually remanded to the Social Security Administration for a second hearing at which the administrative law judge, based upon evidence from a medical advisor and from a different vocational expert, again concluded that Kirk was not disabled for Social Security purposes. This time, however, the administrative law judge credited testimony that the claimant's impairments did not preclude her from performing her past relevant work as a cashier on or before September 30, 1982. That decision was upheld by the district court and this appeal ensued.
 
 II.
 
 4
 Our review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989). If supported by substantial evidence, the Commissioner's decision must be affirmed even though we might decide the matter differently and even though substantial evidence also supports the claimant's position. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 5
 In evaluating Kirk's claim, the administrative law judge determined that Kirk was, on September 30, 1982, unemployed and suffering from a severe impairment "which significantly limits ... physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Medical testimony established, however, that the impairment or impairments from which Kirk suffered were not of "listing severity." 20 C.F.R. § 404.1520(d).
 
 
 6
 Before the administrative tribunal, Kirk sought to highlight the medical information on her condition provided by her two treating physicians and now contends that the administrative law judge erred by according greater weight to interpretations of medical data by Dr. McConnell, a board-certified medical advisor who concluded Kirk was not totally disabled on September 30, 1982. As we have previously ruled, however, the Commissioner is not bound by treating physicians' opinions, especially when they are not supported by sufficient clinical findings and when there is substantial medical evidence to the contrary. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 287 (6th Cir.1994).
 
 
 7
 In this matter, the opinion of one of Kirk's treating physicians that the claimant was totally disabled on September 30, 1982, is not supported by such clinical findings. That doctor's own treatment records, for example, do not indicate that appropriate tests to determine respiratory-related disability were conducted, and the one chest x-ray documented in the relevant time period for determining Kirk's eligibility for benefits indicated only that her respiratory problems "are due to mild panacinar emphysema with bullae." (Emphasis added.) Furthermore, that physician noted in 1991 that there was "some possibility" that Kirk could still perform "other substantial gainful activity which exists in the national economy, as of September 30, 1982."
 
 
 8
 Likewise, the opinion of Kirk's second treating physician need not be given controlling weight because that doctor did not treat Kirk until September of 1986, four years after the relevant date for determining the claimant's eligibility for benefits. His opinion regarding Kirk's condition on September 30, 1982, is thus based solely upon his review of prior records and is entitled to no more deference than the opinion of Dr. McConnell.
 
 
 9
 Substantial evidence also supports the administrative law judge's conclusion that Kirk retained the residual functional capacity to perform her past relevant work as a cashier on September 30, 1982. The claimant contends that principles of res judicata should preclude such a finding because the administrative law judge already determined at the first administrative hearing that "the claimant has established that she cannot return to her past relevant work." That initial determination, however, was vacated in its entirety by the district court, and upon rehearing, additional testimony established that Kirk's prior relevant work included cashier experience that would not necessitate arduous physical exertion or unusual exposure to dust, dirt, fumes, or chemicals.
 
 
 10
 Regardless of the claimant's ability to perform prior relevant work, the administrative law judge found that Kirk was not disabled on September 30, 1982, because, on that date, she was still able to perform a significant number of other jobs within the regional economy. 20 C.F.R. § 404.1520(f)(1). In fact, at the second hearing, a vocational expert testified that a woman claimant's age, suffering from the physical impairments and limitations that afflicted the claimant on September 30, 1982, could perform approximately 28,000 light or sedentary jobs in the region in which Kirk resided.
 
 
 11
 Kirk challenges the vocational expert's testimony by contending that the employment figures used to arrive at the disputed conclusion reflected 1991, rather than 1982, economic realities. The vocational expert also testified, however, that an approximation of the number of such positions available in the 1982 economy could be obtained merely by reducing the 1991 figures by 20%. Consequently, substantial evidence exists in the record to support the administrative law judge's determination that a significant number of positions in the region (approximately 22,400) were still appropriate for the claimant in 1982, despite her physical impairments.
 
 III.
 
 12
 Substantial evidence supports the administrative law judge's conclusion that, while impaired by respiratory difficulties and minor back problems, the claimant could still, on September 30, 1982, perform her prior relevant work as a cashier and could also perform other appropriate jobs in the regional economy. Established principles of appellate review in Social Security disability benefits cases thus mandate that we AFFIRM the decision of the Commissioner denying such benefits to Kirk.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation