Anna B. MCQUEEN, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 00–6116.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge;
GILMAN, Circuit Judge; and
EDMUNDS, District Judge.*

This is an appeal from a summary judgment affirming the Commissioner's decision to deny benefits under the Social Security Act. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 31, 1994, Anna McQueen filed an application for Supplemental Security Income benefits for a condition with an onset date of January 10, 1992. The application was denied and referred to an administrative law judge ("ALJ") for an evidentiary hearing. The ALJ concluded that McQueen was not entitled to benefits and the Appeals Council adopted this conclusion. McQueen took an appeal to the district court and the matter was remanded for another hearing before an ALJ. The ALJ again concluded that McQueen was not entitled to benefits, the Appeals Council adopted this decision, and McQueen

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The district court affirmed the decision to deny McQueen's application for benefits by granting the Commissioner's motion for summary judgment and this appeal followed.

■ Counsel for McQueen assigns one issue only for appellate review, namely, whether there is substantial evidence supporting the Commissioner's conclusion that McQueen did not have a disabling mental impairment within the meaning of Listing 12.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. This court will affirm the Commissioner's decision to deny benefits absent a determination that the Commissioner failed to apply the proper legal standards or that the Commissioner's findings of fact are not supported by the evidence in the record. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted). The Commissioner's findings must be affirmed if supported by substantial evidence, even if substantial evidence also supports the opposite conclusion, *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994), and this court will not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Walters*, 127 F.3d at 528. An examination of the record and law supports the Commissioner's decision that McQueen did not satisfy her burden of showing that she was mentally retarded within the meaning of the Social Security Act Listing 12.05C.

In 1994, McQueen filed an application for benefits in which she claimed that she was entitled to Supplemental Security Income benefits as of January 10, 1992. Although McQueen's assessment of her problems were leg pain, bad nerves, and a smothering sensation, the ALJ determined that she suffered from a non-disabling combination of chronic obstructive pulmonary disease, dysthymic disorder, hypothyroidism and, of most importance to this appeal, borderline intellectual functioning. This latter finding was based, in large part, on the testimony of a consulting psychologist, Dr. Shelle Deitrich. The ALJ ultimately concluded that McQueen retained the residual functional capacity to perform jobs that were available in sufficient numbers in the national and local economy and denied her application initially. The matter proceeded to the district court where the parties agreed to remand the case for consideration of additional evidence going to McQueen's mental capacity. The ALJ again determined that McQueen was not entitled to benefits after hearing testimony from a second consulting psychologist, Dr. Gary Maryman. This conclusion became the final decision of the Commissioner and the district court affirmed this decision on appeal.

On appeal, counsel for McQueen sets forth one issue for review, namely, whether there is substantial evidence in the record to support the Commissioner's determination that McQueen was not mentally retarded within the meaning of Listing 12.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. Counsel argues that the findings supporting the Commissioner's conclusion in this regard were either unreliable (Dietrich) or equivocal (Maryman). The Commissioner counters that 1) McQueen failed to place any evidence in the record showing that she was mentally retarded, 2) all evidence of record places McQueen's mental functioning above the level of mentally retarded, and 3) the challenge to Dr. Dietrich's credentials as a

consulting psychologist have not been preserved for appeal.

The Commissioner's arguments are well-taken. Listing 12.05 provides, in relevant part, that a claimant will be found to suffer from mental retardation only after demonstrating a valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional, significant workrelated functional limitations. The evidentiary burden falls on one claiming entitlement to benefits owing to mental retardation. *See generally Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980). Unfortunately for McQueen, there is absolutely no evidence, however slight, to which she may point to as having established her claim. Claimant McQueen is left with attempting to negate the evidence of two clinical psychologists who concluded that her mental ability was high enough to disqualify a claim of mental retardation under the Act. Not only does that completely fail to call the Commissioner's finding into question in this limited review for "substantial evidence," but a portion of her argument, directed to Dr. Dietrich's lack of credibility, is raised for the first time in the present appeal. This court has consistently adhered to the view that "issues not litigated in the trial court are generally not appropriate for appellate consideration." *Taft Broad. Co. v. United States,* 929 F.2d 240, 243 (6th Cir.1991). While there have been exceptions to this rule in certain cases, "[t]he fact that the issue newly raised on appeal requires or necessitates a determination of facts is generally deemed good reason to refuse consideration of the issue for the first time in the appellate court." *Id.* McQueen's challenge to the credentials of Dr. Dietrich is just this sort of fact-specific question. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.