Gary MAKATURA, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 00–4342.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

### ORDER

Gary Makatura appeals a district court judgment that affirmed the Commissioner's denial of his application for supplemental security income. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Makatura had severe impairments consisting of: "major depression, recurrent with some dysthymic base and chronic pain; and anxiety disorder with some agoraphobia." The ALJ also found that Makatura was unable to perform his past work as a retail sales clerk, even though his condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. These findings are not in dispute.

However, the ALJ also found that Makatura's complaints of disabling symptomatology were not fully credible and that he retained the capacity to perform a limited but significant range of medium work. Thus, the ALJ found that Makatura was not disabled based on the testimony of a vocational expert regarding the number of jobs that were still available to him. This opinion became the final decision of the Commissioner on February 5, 1999, when the Appeals Council declined further review. The district court rejected a magistrate judge's recommendation and affirmed the Commissioner's decision on August 28, 2000. It is from this judgment that Makatura now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. *See Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994).

Since Makatura could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). The ALJ attempted to satisfy this burden by posing the following hypothetical question to a vocational expert:

Q. If you'll consider the following hypothetical. The individual is between the ages of 18 and 44 years with an 11th grade education .... [C]an only function in a low stress environment, routine job environment. Should not be exposed to high quota requirements. Should not be exposed to a confronta-

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

tional environment with others. Not necessarily not working with others but not in a situation likely to result in confrontations with other people and that this individual should not work at unprotected heights or around dangerous machinery....

[A]lso I want to add to that hypothetical that this individual is capable of performing at the medium exertional activity level? Factoring that in as well, is there any other work that this hypothetical individual could perform?

The limitations described in the ALJ's question are consistent with the reports of an examining psychologist, Dr. Felker, two reviewing psychologists, Drs. Semmelman and Haskins, and the medical examiner who testified at Makatura's administrative hearing, Dr. Schweid.

Nevertheless, Makatura now argues that the ALJ did not afford sufficient deference to his treating psychiatrist, Dr. Sabet, who had opined that he was disabled from any type of work. Dr. Sabet gave the following assessment of Makatura's limitations:

His ability to follow work rules is poor, relating to co-workers is poor, using judgment is poor, dealing with the public is poor, dealing with stress is very poor, functioning independently is poor, maintaining attention and concentration is poor. All these are related to recurrent major depressive disorder. He has been unresponsive to treatment and ... understanding to carry out simple jobs is also poor to none.

A treating physician's opinion is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *Cutlip*, 25 F.3d at 287. However, an ALJ is not bound by a treating physician's opinion if there is substantial medical evidence to the contrary. *Id.*

In the present case, Dr. Sabet's opinion was not "supported by detailed, clinical, diagnostic evidence in his reports." *Walters*, 127 F.3d at 530. In addition, his conclusion that Makatura was totally disabled is not consistent with the reports of Drs. Felker, Schweid, Semmelman and Haskins. Under these circumstances, the ALJ gave adequate deference to Dr. Sabet's opinion, by finding that Makatura's ability to work was limited by the need to avoid stressful situations and confrontations with others. *See id.; Cutlip*, 25 F.3d at 287.

Thus, the assumptions in the ALJ's hypothetical question were adequately supported by the medical record. In response, the vocational expert identified more than 52,000 unskilled jobs in the state of Ohio and more than a million unskilled jobs in the national economy that Makatura could perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Makatura, even though he could not perform his past work. *See Harmon*, 168 F.3d at 291–92. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Makatura was not disabled.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

HULL, District Judge, dissenting.

In my opinion, the Administrative Law Judge [ALJ] improperly rejected the opinion of Makatura's treating psychiatrist, Faid Sabet, M.D., based upon the finding that he gave a maximum residual functional capacity assessment "without providing objective clinical, diagnostic and/or laboratory findings to support them." The rationale contained in *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir.1989), in regard to the relative imprecision of the psychiatric

methodology should have been followed. Specifically, *Blankenship* teaches:

> [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques. (citations omitted).

*Id.* at 1121.

The ALJ properly did not rely on the evaluations completed by Drs. Semmelman and Haskins, who were non-examining physicians, to reject the opinion of Dr. Sabet. In fact, the ALJ never cited them by name in his opinion, but referred to them only as "the state agency's psychological consultants." Neither of these physicians questioned Dr. Sabet's diagnostic techniques.

The ALJ also did not cite the hearing testimony of Dr. Daniel Schwied, a non-examining psychiatrist, to discount the opinion of Dr. Sabet. Although Dr. Schwied found that the plaintiff's restrictions were less than those given by Dr. Sabet, he never questioned the diagnostic techniques of Dr. Sabet. Instead, he testified that the diagnosis by Dr. Sabet of major depression, was a better diagnosis than that of K. Felker, Ph.D., whose diagnosis was dysthymic disorder with anxiety based upon a consultative psychological evaluation in August of 1995. The ALJ did not cite Dr. Schwied's name in his decision but referred to him only as "a medical expert, who is Board-certified in psychiatry as of the date of this hearing."

Obviously, after observing and treating Makatura during 15 office visits from March 28, 1996, to August 21, 1997, Dr. Sabet had a valid basis for his diagnosis and his evaluation of the plaintiff's maximum residual functional capacity. Dr. Sabet's notes and his letter dated September 4, 1997, which indicates that Makatura suffers from a treatment resistant severe major depressive disorder accompanied by panic disorder, clearly establish evidence of acute psychological problems. Therefore, as Makatura's treating physician, his diagnosis and opinion that the plaintiff was disabled should have been accorded great weight, and the findings of the ALJ to the contrary were not supported by substantial evidence.

Accordingly, I dissent from the majority's decision in this case.