**Merlin LEFFEL, Jr., Plaintiff–Appellant,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–2230.

United States Court of Appeals, Sixth Circuit.

Feb. 20, 2002.

Before JONES and COLE, Circuit Judges; and SARGUS, District Judge.*

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

SARGUS, District Judge.

Merlin Leffel, Jr. appeals the decision of the magistrate judge granting summary judgment in favor of the Commissioner of Social Security.[1] For the reasons that follow, the decision of the magistrate judge is AFFIRMED.

## I.

Leffel was born on January 17, 1948. He holds a high school degree and also received two years of community college training in the electrical trades. Most recently, he has worked as a recycling sorter and driver for one employer and as a sales person for electrical components at another. While both jobs are considered semi-skilled, the former job required light exertion, while the latter job involved heavy exertion.

In November of 1987, Leffel sustained a work-related injury to his back. Seven years later, he reinjured his back and hip in an automobile accident. Following the accident, Leffel stopped working.

Leffel suffers from chronic severe back pain, colitis and hypertension. According to the appellant, the pain, especially in his back, limits him to sitting or standing for only half an hour to an hour at a time. He is able to assist in household chores, can drive short distances, and is able to engage in limited recreational activities.

Leffel filed a claim for disability benefits, which was initially denied. On appeal, an administrative law judge ("ALJ") analyzed his claim under 20 C.F.R. § 404.152 and concluded that Leffel was not disabled under the Social Security Act. Specifically, the ALJ found that (1) Leffel had not been working; (2) Leffel had a "severe" impairment, but one that did not meet the criteria of a disability under 20 C.F.R. § 404, subpart P. appx. 1; (3) Leffel was not able to do his previous work; and (4) Leffel could perform with a sit/stand option approximately 13,000 jobs in the state of Michigan. The decision of the ALJ was affirmed by the Appeals Council.

Leffel subsequently appealed the denial of benefits to the district court. After both parties filed cross motions for summary judgment, Magistrate Judge Brenneman granted summary judgment in favor of the Commissioner.

## II.

This Court must affirm the Commissioner's decision if it is supported by substantial evidence and in accordance with law. See Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 286 (6th Cir.1994) citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip, 25 F.3d at 286. This Court does not resolve conflicts in the evidence, nor does it decide questions of credibility. See id.

Leffel essentially raises in this Court the same arguments presented to the magistrate judge. He initially argues that the ALJ should have found that his pain was so severe as to prevent him from working. Disability claims based upon pain are subject to the analysis set forth in Duncan v. Secretary of Health & Human Servs., 801 F.2d 847 (6th Cir.1986). The analysis is essentially two-pronged:

> [F]irst, we examine whether there is objective medical evidence of an under-

---

1. By agreement of the parties, the magistrate judge decided the issues raised by the cross motions for summary judgment.

lying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *Duncan,* 801 F.2d at 853.

Leffel has established the first prong of the *Duncan* analysis in that the ALJ found him to be medically impaired. Leffel also argues that he meets the second portion of the analysis given the evidence of reduced spinal motion, muscle spasms and stenosis. Further, he has produced evidence of reduced physical activity and the need for prescription medication.

■ We reject Leffel's argument. There was substantial evidence in the record to support the ALJ's determination that Leffel's experience of pain was not so severe as to render him disabled from performing work. Leffel testified that he is able to do certain household chores, drive a vehicle, and engage in limited recreational activity. He is able to wash dishes, do laundry, vacuum and dust. Further, the pain medication which he consumes offers some relief. Finally, the ALJ found that Leffel's physical appearance was essentially unremarkable and he otherwise evidenced no indication of severe pain, discomfort, or weakness. Regardless of how we might analyze the same evidence, it cannot be said that the decision of the ALJ was unsupported by substantial evidence.

Leffel next contends that the ALJ erred in issuing a final decision upon an incomplete and ambiguous record. Leffel claims that the record should have been kept open for additional medical evidence concerning the issue of whether his condition required him to lie down approximately three times during an eight hour workday.

The vocational expert who testified at the hearing opined that Leffel could perform approximately 13,000 jobs in Michigan, if he were able to alternate between sitting and standing during a workday. The expert also testified, however, upon cross examination by Leffel's counsel, that the jobs he described could not be performed by a person who was required to lie down on a number of occasions during an eight-hour workday.

The ALJ concluded that the medical evidence established a severe impairment, that Leffel was unable to perform any past relevant work given these impairments, but that he also had the residual capacity for sedentary work with a sit/stand option. Both counsel agreed at oral argument that if the appellant were required to lie down every several hours, the unrefuted testimony of the vocational expert was that Leffel had no residual capacity to perform gainful employment.

■ The problem with Leffel's argument, however, is the fact that the record below contains no medical evidence describing such limitation. Both the appellant's treating physician and a physician retained by the Social Security Administration described in detail their opinions as to the limitations on Leffel's activities. At the time of the hearing, neither physician had opined that Leffel was required to occasionally lie down in the course of an eight-hour period.

Leffel now contends that the record was incomplete and that this Court should consider a supplemental report submitted by his treating physician addressing this issue. The argument must fail for several reasons. First, Leffel may not raise an issue before this Court that he did not first present in the district court. *See Young v. Secretary of Health and Human Serv.,* 925 F.2d 146, 149 (6th Cir.1990). Further, in order to justify a remand based upon new evidence under 42 U.S.C. § 405(g), Leffel

must show that the evidence is new and material, and that there is good cause for the failure to incorporate such evidence into the original record. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). The record in this case fails to support such a conclusion.

It may well have been the better course to have kept the record open to provide both physicians of record the opportunity to address the issue of whether Leffel was required to lie down on a regular basis. Since neither physician ever raised such issue in their assessment of the appellant, however, we cannot conclude that the record before the ALJ was legally inadequate.

### III.

Based upon the foregoing, the decision of the magistrate judge is AFFIRMED.