Harvey **CARTER**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant– Appellee.

**No. 01–3839.**

United States Court of Appeals, Sixth Circuit.

June 6, 2002.

Before KRUPANSKY and COLE, Circuit Judges; and DUGGAN, District Judge.*

*ORDER*

Harvey Carter appeals a district court order granting judgment for the defendant after the Commissioner of Social Security denied his application for social security disability and supplemental security income benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Carter filed his application for disability benefits, alleging that he was disabled because he suffered from left leg pain, low back pain, right wrist pain, and low intellectual functional ability. Upon review of Carter's application, the administrative law judge (ALJ) concluded that he suffered from the severe impairments of

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

status post-fracture of his left femur, degenerative disc disease, and low intellectual functioning, but he did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. The ALJ also concluded that Carter retained the ability to perform a full range of medium work, except that he was unable to perform repetitive fine and gross manipulations with his hands and was unable to twist his wrists more than occasionally. Although Carter was not capable of performing his past relevant work as a carpenter or truck driver, the ALJ determined that Carter was capable of performing other unskilled work available in the regional and national economy. Therefore, Carter was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Carter sought judicial review of the Commissioner's decision. Over his objections, the district court adopted the magistrate judge's report and recommendation, concluded that substantial evidence existed to support the Commissioner's decision, and the court granted judgment for the defendant. In this timely appeal, Carter argues that the ALJ improperly disregarded the findings of his treating physicians concerning his leg and back injuries.

Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995). The scope of the court's review is limited to an examination of the record only. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The court does not review the evidence de novo, make credibility determinations, nor weigh the evidence. *Id.* If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994), and even if the claimant's position is also supported by substantial evidence. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993).

The ALJ properly disregarded the findings of Carter's treating physicians. While the opinion of a treating physician normally is entitled to great weight, *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir.1992), the treating physician's opinion must be supported by objective medical facts. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir.1987); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). The ALJ is entitled to disregard the treating physician's opinion where it is not supported by clinical findings or medical evidence. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). A treating doctor's disability determination must be fully supported by direct reference to detailed, clinical, diagnostic evidence in the medical reports. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir.1997). Further, a non-examining physician's opinion may be accepted over that of examining doctors when the non-examining physician clearly states the reasons for his differing opinion. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir.1994). Substantial evidence exists to support the ALJ's conclusion that the findings of Carter's doctors were not supported by objective medical facts.

Accordingly, this court affirms the district court's judgment.