**Diane M. BAKER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–2007.**

United States Court of Appeals, Sixth Circuit.

May 1, 2003.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Diane M. Baker appeals the district court's judgment affirming the decision of the Commissioner of Social Security denying her application for Supplemental Social Security Income ("SSI"). Baker argues that the Administrative Law Judge's ("ALJ") finding that Baker was not disabled was not supported by substantial evidence, that the ALJ's finding that Baker retained a Residual Functional Capacity ("RFC") was not supported by substantial evidence, that the ALJ committed legal error in failing to address the claim that Baker is not capable of competitive employment, and that the ALJ was required to give controlling weight to the opinion of Baker's treating physician.

Baker alleged that she became disabled in December 1996, based on knee and hip injuries she suffered, and post-traumatic stress and depression. Her claim was denied at each step of the administrative process and her complaint seeking judicial review was denied. This timely appeal followed.

The magistrate judge and the district court have thoroughly described the relevant evidence regarding Baker's medical history and status. Having carefully considered the record on appeal, the parties' briefs, and the applicable law, we are not persuaded that the district court erred in granting summary judgment to the Commissioner. The magistrate judge's report and recommendation and the district court's order and opinion adopting that report and recommendation have fully addressed Baker's arguments presented to this court, and have articulated well the reasoning supporting summary judgment, and the affirmance of the Commissioner's final decision.

To summarize, substantial evidence supports both the ALJ's finding that Baker retained the RFC to perform light work, and the finding that Baker was not disabled. Moreover, the ALJ did not improperly discount Baker's treating physician's opinion that Baker was unable to perform even sedentary work on a regular basis. In this circuit, the Commissioner is not bound by the treating physician's opinion, particularly when there is substantial medical evidence to the contrary. *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 287 (6th Cir. 1994). A treating physician's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substan-

tial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2). The district court also ably addressed Baker's argument that the ALJ erred by not discussing the issue of whether Baker could work in a competitive environment as a result of her mental impairments, and we find no error in that discussion.

The judgment of the district court is therefore AFFIRMED.