**Bertha M. WILLIAMS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–3670.

United States Court of Appeals, Sixth Circuit.

March 9, 2004.

Dianne R. Newman, Akron, OH, for Plaintiff–Appellant.

Henry S. Kramzyk, Social Security Administration, Office of the General Counsel, Chicago, IL, Michael Anne Johnson, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before SILER, MOORE, and SUTTON, Circuit Judges.

### ORDER

Bertha M. Williams appeals a district court judgment that affirmed the Commissioner's denial of her application for Social Security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Williams alleged that she became disabled on June 30, 1988, due to a loss of visual acuity. An Administrative Law Judge ("ALJ") found that she was not disabled because her insured status had expired with regard to general disability benefits and because she was not otherwise entitled to benefits under the statutory definition of blindness. This opinion became the final decision of the Commissioner on September 28, 2000, when the Appeals Council declined further review. The district court affirmed that decision on March 13, 2003, and Williams now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

A person is disabled under the Social Security Act if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. Williams was no longer generally insured when she allegedly be-

came disabled on June 30, 1988. Nevertheless, she remained eligible for disability benefits under the statutory definition of blindness until December 31, 1992. To be entitled to benefits for blindness, Williams must have central visual acuity of 20/200 or less in the better eye, with the use of a corrective lens. *See* 42 U.S.C. § 416(i)(1)(B); 20 C.F.R. § 404.1581.

The ALJ found that Williams remained insured through the end of 1992, for purposes of statutory-blindness benefits. However, he also found that she did not meet the definition of statutory blindness because the vision in her left eye was 20/30 with correction during the time that she remained insured. Thus, the ALJ found that Williams was not disabled from the alleged onset of her disability through the expiration of her insured status. *See generally Adams v. Bowen,* 872 F.2d 926, 928–29 (9th Cir.1989).

Williams now argues that the ALJ erred by failing to give controlling weight to the opinion of her treating physician, who indicated that her uncorrected vision was no better than 20/200 from 1988 through 1992. She cites a letter from Dr. Lass, which provides in pertinent part as follows:

> [D]uring the period of 1988 through 1992, Mrs. Williams was followed for a condition in the right eye with persistent corneal edema requiring corneal transplants which were continually failing, limiting her vision to counting fingers in that right eye during this period of time. As for the left eye, her vision was correctable to 20/30, but this was only with a contact lens, and the contact lens could not be consistently worn because of discomfort. When her contact lens was not in she would have vision worse than 20/200....

The opinion of a treating physician is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *Cutlip v. Sec'y of*

*Health & Human Servs.,* 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.* In the present case, the ALJ relied on Dr. Lass's opinion that the vision in Williams's left eye was correctable to 20/30 during the time that she remained insured. This finding is also supported by Dr. Lass's office notes during that time.

Williams argues that the ALJ did not give sufficient deference to Dr. Lass's statement that her contact lens "could not be consistently worn because of discomfort." The ALJ reasoned as follows regarding the degree of discomfort that Williams experienced:

> While the claimant may have periodically experienced problems with the use of her contact lens during that time, the record as a whole indicates that for the most part, she was able to use the contact lens throughout the day, remove it at night, and again use it the next day. While there may have been short periods of time that she was unable to use the contact on a daily basis, the record as a whole indicates that she was able to do so for most of the time. The record indicates that she performed housecleaning chores, drove periodically and went grocery shopping.

The ALJ's finding on this point is adequately supported by Williams's own testimony, even though her testimony was sometimes equivocal. Hence, the ALJ did give adequate deference to the opinion of Williams's treating physician by finding that her corrected vision did not meet the statutory definition for blindness, even though it was sometimes uncomfortable for her to wear a contact lens. *See Cutlip,* 25 F.3d at 287; *Bogle,* 998 F.2d at 347–48.

Williams also argues that the ALJ erred by discounting her testimony insofar as it indicated that discomfort precluded the use of corrected lenses. An "ALJ may

distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir.1990). Williams's testimony could be reasonably interpreted as indicating that she could still wear a lens during the day while she remained insured, even though she sometimes experienced irritation that would make her remove it. In addition, her testimony is not specifically supported by the medical evidence insofar as she alleges that the side effects of wearing a contact lens precluded its use. Thus, substantial evidence supports the ALJ's assessment of Williams's testimony. *See id.* at 1182–83; *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir.1990).

Accordingly, the district court's judgment is affirmed.