**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0130n.06
Filed: February 15, 2007

**No. 06-5606**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES D. COOPER, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM** |
| | ) | **O P I N I O N** |
| Defendant-Appellee. | ) | |

BEFORE:     MARTIN, BATCHELDER, and McKEAGUE, Circuit Judges.

PER CURIAM.  Plaintiff-Appellant James D. Cooper appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security (the "Commissioner"), affirming the Commissioner's decision to deny Cooper's application for supplemental security income.  The parties waived oral argument on appeal.  For the reasons set forth below, we affirm.

I

Cooper has an eighth grade education and past work experience as a construction laborer. He alleges disability beginning on December 11, 2001, due to osteoarthritis; back, hip, and knee pain; and a history of drug and alcohol abuse.   He also claims that he is disabled as a result of mental retardation.  After a hearing, the Administrative Law Judge ("ALJ") denied his application for benefits in a written decision.  This was the Commissioner's final decision.

II

We "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

Cooper first argues that the ALJ erred in finding that he did not meet or equal the requirements for showing mental retardation under Listing 12.05C.[1] When tested at age 23 years, Cooper had IQ scores of 77 verbal, 70 performance, and 72 full scale on the Wechsler Adult

---

[1]      12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

*            *            *

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

Intelligence Scale (3rd ed.). Yet, it is not enough for a claimant to point to one IQ score below 71; the claimant must also satisfy the "diagnostic description" of mental retardation in Listing 12.05. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). It is undisputed that no psychologist has diagnosed Cooper with mental retardation. The examiner and clinical psychologist who tested him diagnosed him instead as borderline intellectual functioning. Moreover, Cooper performed a number of common activities inconsistent with mental retardation, including semiskilled work for a number of years, playing guitar, and riding a motorcycle. There is substantial evidence in the record that Cooper does not meet the diagnostic description.

The ALJ concluded that Cooper retained the residual functional capacity to perform unskilled, medium work. 20 C.F.R. § 416.967(c). Cooper argues that he suffers from impairments capable of producing disabling pain which were not adequately considered by the ALJ under SSR 96-8p. There is substantial medical evidence, however, to support the ALJ's conclusion. A neurosurgeon found no significant neurological limitations, and a reviewing state-agency physician concluded that Cooper could sit and stand and/or walk 6 hours each in an 8-hour workday and lift 25 pounds frequently and 50 pounds occasionally with no other limitations. These evaluations and the other medical evidence in the record are consistent with a finding that Cooper could perform a full range of medium work. 20 C.F.R. § 416.927(f)(2)(i). The findings by the ALJ satisfied SSR 96-8p, which requires consideration of all relevant evidence and findings regarding an individual's work-related limitations.

Finally, Cooper argues that the ALJ erred in finding that he could perform a significant number of jobs that existed in the national economy. Specifically, Cooper asserts that the ALJ's

hypothetical questions to the Vocational Expert ("VE") did not accurately reflect his physical limitations and pain. In *Webb v. Commissioner of Social Security*, we held that the ALJ does not need to list a claimant's medical conditions in the hypothetical question posed to a VE. 368 F.3d 629, 633 (6th Cir. 2004). Rather, the ALJ must include in the question an accurate calculation of the claimant's residual functional capacity—i.e., "a description of what the claimant 'can and cannot do.'" *Id.* at 631 (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)). As we explained:

> The [VE's] testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she "can and cannot do," there exist a significant number of employment opportunities for her in the regional and national economies. The [VE] is not expected to evaluate the claimant's medical conditions in making this determination.

*Id.* at 633. There is substantial evidence in the record that the two hypothetical questions posed by the ALJ accurately portrayed Cooper's credible limitations, which include medium, light, and sedentary work; low semiskilled to unskilled work; and limited interaction with clients, customers, or the public.


III


Thus, having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we conclude that the Commissioner applied the correct legal standards in arriving at a decision supported by substantial evidence. Accordingly, we affirm summary judgment for the Commissioner for the reasons stated more fully in the magistrate judge's report and recommendation and the district court's memorandum opinion.