NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0405n.06

No. 22-1260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 14, 2022
DEBORAH S. HUNT, Clerk

JENNIFER LENISE STEPHENSON,

    Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: SUTTON, Chief Judge; STRANCH and DAVIS, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** In this social security appeal, Plaintiff Jennifer Stephenson challenges the Social Security Commissioner's denial of her application for disability benefits and supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). After a hearing, an administrative law judge (ALJ) found Stephenson was not disabled within the meaning of the Social Security Act because a person with her residual functional capacity could perform jobs that exist in significant numbers in the national economy. Stephenson sought judicial review, and the Magistrate Judge filed a Report and Recommendation recommending that the ALJ's decision be affirmed because it was supported by substantial evidence. The district court denied Stephenson's objections to this Report, and approved and adopted the magistrate's Report and Recommendation as the opinion of the court.

On appeal, Stephenson raises the same arguments that she presented before the Magistrate Judge and district court: that her "moderate" mental limitations were not accounted for in the ALJ's

determination of her residual functional capacity, and that the ALJ's hypothetical question to the vocational expert did not accurately portray her impairments.

We review district court decisions regarding social security benefits determinations de novo. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). We must affirm the ALJ's decision if it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence means "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). When deciding whether substantial evidence supports the decision, "it is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Id.* In social security cases, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

After considering the record and the parties' briefs, we find that the district court's opinion of March 3, 2022—which incorporates the Magistrate Judge's Report and Recommendation— sufficiently articulates the relevant facts, governing law, and the reasoning underlying its decision. Issuing a full opinion would be duplicative and serve no other purpose. We therefore **AFFIRM** the judgment and adopt the district court's decision as the opinion of this court.