Gregory J. COVUCCI, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.

No. 00–4058.

United States Court of Appeals, Sixth Circuit.

April 3, 2002.

Before SILER and GILMAN, Circuit Judges; and HEYBURN,* District Judge.

## MEMORANDUM OPINION

HEYBURN, Chief District Judge.

Plaintiff-appellant Gregory Covucci appeals the final decision of the Commissioner of Social Security as affirmed by the magistrate judge, denying his application for disability benefits. Covucci also claims that his representation by a paralegal at an administrative hearing constituted ineffective assistance of counsel. For the reasons stated in this Memorandum Opinion, we AFFIRM.

### I.

In February 1994, Gregory Covucci, then thirty years old, was injured at work when a stack of patio chairs fell and struck him in the head and right shoulder. Since then, he claims to have suffered immense physical pain and manifested evidence of psychological disorders. In July 1994, he

---

* The Honorable John G. Heyburn, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

applied for disability insurance benefits available under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The Social Security Administration (the "Agency") denied his request. Covucci requested and was granted a hearing before an administrative law judge (ALJ). Covucci, with paralegal Mary Katherine Klas as his legal representative, appeared at the hearing on May 8, 1997.

The ALJ began by admitting into the record thirty exhibits, primarily the results of various physical and psychological evaluations of Covucci since his injury. Covucci testified that he had no feeling in his right arm and right leg. Covucci also stated his belief that his doctors had misdiagnosed him, failing to appreciate or to remedy the decline in his health.

Covucci's advocate stated her disagreement with certain diagnoses and requested that a consultative examination be performed. Initially, the ALJ denied the request, remarking that Covucci had evidently been "going from doctor to doctor, until he finds one who satisfies him." Klas suggested that her client suffered from a somatoform disorder,[1] as evidenced by "his obsession with his medical condition and his paranoia about the conspiracy" that doctors whose fees were paid by Covucci's former employer or the Agency would necessarily pronounce his condition to be better than it actually was.

Next, the ALJ and Klas questioned Dr. Elaine Tripi, a vocational expert. Asking Tripi to assume that Covucci had a somatic disorder, the ALJ inquired of Tripi how severe that disorder must be to prevent Covucci from working in a simple, unskilled job. Tripi responded that a person with a somatic disorder causing mild or moderate functional limitations would be eligible to perform "simple unskilled bench work," and that jobs of that type numbered three thousand in Toledo (where Covucci lives) and nine thousand in Ohio. A person with major functional limitations, she testified, would not be able to function in such employment. The hearing concluded after the ALJ offered to withhold his decision until Covucci could submit the results of another consultative examination.

On November 22, 1997, the ALJ issued a decision, in which he found that Covucci had dysthymia,[2] depression, and back pain, but not a severe impairment which significantly limited him from obtaining all work. Covucci, though unable to perform his past work as an area manager and sales representative, had the functional capacity to accept work which did not require extensive concentration or routine dealings with co-workers or the general public, work such as sorting, packaging, and assembling. The ALJ stated that he found Covucci's testimony regarding his pain and functional incapacity not credible in light of the overall medical record.

Covucci timely appealed to the Agency's Appeals Council, which denied his request, making the Agency's decision final. Pursuant to 42 U.S.C. § 405(g), Covucci then sought judicial review in the District Court for the Northern District of Ohio, which affirmed the decision. Covucci now appeals to this Court.

---

1. "Somatoform pain disorder, previously known as 'psychogenic pain disorder,' is characterized by complaints of severe unrelenting pain for which there is no medical explanation. The cause is thought to be psychological." L.R. RUSS, ET AL., ATTORNEYS MEDICAL ADVISOR § 50.13 (1994).

2. Dysthymia is "a less severe form of depression" whose "signs and symptoms can be the same as in major depression, only less numerous and less severe." RUSS, *supra*, at § 49:5(a).

## II.

Where the proper legal standards have been employed, this Court's review is limited to determining whether substantial evidence supports the Agency's findings. *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir.1994). Substantial evidence means "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This deferential standard means that a reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984). Indeed, "[i]f it is supported by substantial evidence, the [Agency's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

### A.

■ Covucci claims that his representation by a paralegal at the administrative hearing constituted ineffective assistance of counsel. The ALJ, in a notice of hearing dated March 4, 1996, and in an amended notice of hearing dated March 25, 1997, apprised Covucci of his right to representation, in accordance with 42 U.S.C. § 406(c). Further, Covucci had retained counsel at earlier stages in his application and appeal processes. Whatever right to counsel Covucci had at the hearing, he intelligently waived it. We find no basis for remanding this case based upon a claim of ineffective assistance of counsel.

### B.

Covucci's main argument is that the ALJ improperly weighed the medical evidence before him, relying insufficiently on the opinions of Covucci's psychiatrist, Dr.

David Jahn, who opined that Covucci's depression rendered him unable to work; Dr. Jon Pansky, who examined Covucci after the hearing and also found him mentally unable to work; and Dr. Gordon Mather, a treating physician who perceived substantial physical limitations.

■ To support his argument that the ALJ accorded insufficient weight to Dr. Jahn's opinion, Covucci cites 20 C.F.R. § 404.1527(d)(2), which remarks that the Social Security Administration generally

give[s] more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

Controlling weight, however, is appropriate only if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* Where controlling weight is not given, the opinion is to be considered in light of the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6).

Viewing all of the evidence, we find that substantial evidence supports the ALJ's conclusions. In his decision, the ALJ stated that the medical record as a whole did not substantiate Dr. Jahn's opinion. The ALJ observed that Covucci did not seek psychiatric treatment until 1996, and ap-

peared to do so for the purpose of obtaining benefits. Indeed, Covucci stated his treatment goals as "receiv[ing] SSI/SSDI & Medicaid/Food Stamps," "receiv[ing] subsidized housing," and "increas[ing] mental and physical health," in that order.

The opinion of Jeffrey Long, M.Ed., conflicted with Dr. Jahn's. Long diagnosed Covucci with dysthymia, but with a Global Assessment Functioning (GAF) score of 75, which indicates "very mild" limitations in functioning. The ALJ incorrectly referred to Long, a licensed professional counselor, as "Jeffrey Lons, M.D.," but Long's lack of a medical degree does not render his opinion inadmissible. 20 C.F.R. § 404.1513(d) ("In addition to evidence from ... acceptable medical sources ... [the Agency] may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.") In any event, Long's diagnosis substantially paralleled that of examining physician Dr. Christopher Layne. Layne's diagnosis indicated dysthymia but a GAF in the 61–70 ("mild") range. Also consistent with Long's findings were the results of Dr. Karen Stanley's examination on behalf of the Agency, which suggested that Covucci was dysthymic but "able to learn, remember and perform worklike tasks" with "concentration ... adequate for at least simple tasks."

We have said that the Agency's fact-finder "is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle, supra*, at 348. Because substantial evidence conflicted with the opinion of Covucci's treating psychiatrist, the ALJ acted reasonably when he relied on this evidence and consequently accorded less weight to Dr. Jahn's opinion.

As for Dr. Pansky's evaluation, which found that Covucci had major functional limitations, the ALJ noted that Pansky had remarked upon Covucci's tendency to emphasize and possibly exaggerate his psychological problems. The ALJ explicitly noted that this observed tendency detracted from Pansky's conclusion that Covucci's psychological problems were very serious.

■ Even less evidence exists to support Dr. Mather's conclusory statement that Covucci is totally disabled physically. Substantial—indeed preponderant—evidence suggests that Covucci's 1994 injury does not severely impair him from working. For example, Dr. Beth Tranen's evaluation on the Agency's behalf showed that Covucci was physically capable of work that required moderate lifting, carrying, standing, sitting, or walking. Further, Mather's conclusions contradict those of Covucci's other treating physicians, Drs. Robert McCarthy and Mark Fine. Like Mather, McCarthy and Fine had a treatment relationship with Covucci of several years duration; indeed, it appears from the record that they have seen him more frequently than has Mather. As noted above, a fact-finder should consider a medical opinion in light of the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). The ALJ, then, did not err by giving less weight to Dr. Mather's opinion than to the opinions of Drs. Tranen, McCarthy and Fine.

■ Finally, the testimony of the vocational expert Dr. Tripi constituted substantial evidence upon which the ALJ could rely in determining that Covucci's maladies did not foreclose the possibility of employment in unskilled work. The hypothetical question posed to and answered by

Tripi assumed the presence of a somatic disorder.

While the evidence may also have justified the ALJ reaching a different result, it is not our role to second guess where the evidence could support one conclusion or another. Where based on substantial evidence, we must accept the ALJ's decision that Covucci was not disabled within the meaning of the Social Security Act.

Accordingly, we AFFIRM the judgment of the district court.