Ronald Lee SANDERS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 02–6119.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before GUY, BOGGS, and DAUGHTREY, Circuit Judges.

## ORDER

Ronald Lee Sanders appeals a district court judgment which affirmed the denial of his application for Social Security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sanders alleged that he became disabled in 1999, primarily due to back pain and depression. An administrative law judge ("ALJ") found that he had a severe "impairment or combination of impairments" that precluded his past work, even though his condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. These findings are not in dispute. However, the ALJ also found that Sanders's testimony

was not fully credible and that he was not disabled because he could still perform a significant number of light and sedentary jobs. This opinion became the final decision of the Commissioner on September 28, 2001, when the Appeals Council declined further review.

Sanders's case was referred to a magistrate judge who recommended that judgment be awarded to the Commissioner. The district court adopted that recommendation and dismissed the case on July 18, 2002. It is from this judgment that he now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). We must affirm the Commissioner's decision if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

Sanders now argues that the ALJ erred by failing to give controlling weight to the opinion of Dr. Sexton, which indicated that he can only stand two hours and sit three hours in an eight-hour day, that he must lay down two or three hours in an eight-hour day, and that he must stop his activities if he has a headache. This opinion was also adopted by Dr. Cox, and Dr.

Sexton subsequently noted even greater limitations. The opinion of a treating physician is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.*

■ The ALJ's decision indicates that he discounted these opinions because they were not consistent with other parts of the record. In this regard, we note that Dr. Sexton's opinion was based on his belief that Sanders had a "very large herniated disc in the lumbar region." However, an MRI revealed only "a small ... herniation ... [which] slightly displaces the right S1 nerve root." Sanders argues that displacement of the nerve root provides an objective basis for Dr. Sexton's opinion, but Dr. Sexton did not mention displacement in his report. Instead, he repeatedly noted the large size of the herniation, and that impression is contradicted by the MRI. The reports of Drs. Sexton and Cox are also inconsistent with the report an examining consultant, Dr. Dacey, who indicated that Sanders "would be able to maintain a seated position, working with his hands." In addition, two non-examining consultants reported that Sanders could perform a limited range of medium work. In light of these conflicting reports, we conclude that the ALJ did give adequate deference to the opinions of Drs. Sexton and Cox. *See Walters*, 127 F.3d at 530; *Cutlip*, 25 F.3d at 287.

■ Sanders also argues that the ALJ should have afforded greater deference to a letter by Tim Nugent, a licensed clinical social worker, who reported that he had severe depression and post-traumatic stress, with a GAF score of 45. He also cites a psychological report by Dr. Mons-

ma, who indicated that Sanders had a GAF of only 50. The ALJ discounted Mr. Nugent's letter because it was based solely on a mental status examination that was not a part of the record. He discounted Dr. Monsma's opinion because it was not consistent with other psychological reports. In particular, Dr. Olusola reported that Sanders had a GAF of 65, and Dr. Adams indicated that he had a GAF of 55, with a "good" tolerance for work. In addition, two non-examining consultants completed psychiatric assessments which indicate that Sanders did not have a severe mental impairment. Thus, we conclude that the ALJ gave adequate deference to the opinions of Mr. Nugent and Dr. Monsma. *See Walters,* 127 F.3d at 530; *Cutlip,* 25 F.3d at 287.

Sanders argues that the ALJ erred by discounting his allegations of disabling pain and depression. However, these allegations are not fully supported by the medical record. They are also inconsistent with the description that Sanders gave of his activities, which include housekeeping, mowing the yard, driving, hunting, fishing, riding a four-wheeler, and working on his car. These activities provide substantial support for the ALJ's finding that his allegations of totally disabling symptomatology were not fully credible. *See Bogle v. Sullivan,* 998 F.2d 342, 348 (6th Cir.1993); *Blacha v. Secretary of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir.1990).

Finally, Sanders argues that the ALJ did not consider the combined effect of his impairments. This claim was not clearly raised in the district court, and we need not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir.1994).

Since Sanders could not perform his past work, the ALJ posed a hypothetical question to a vocational expert to determine if any other jobs were available to him. In response, the vocational expert identified at least 20,000 light and sedentary jobs that Sanders could perform in the state where he lived. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Sanders, even if he could not perform his past work. *See Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir.1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Sanders was not disabled.

Accordingly, the district court's judgment is affirmed.