NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0673n.06

No. 08-4626

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 03, 2010**

LEONARD GREEN, Clerk

KAREN A. MOSES,                                          )
                                                        )
    Plaintiff-Appellant,                            )          ON   APPEAL   FROM   THE
                                                        )          UNITED  STATES  DISTRICT
    v.                                              )          COURT FOR THE SOUTHERN
                                                        )          DISTRICT OF OHIO
COMMISSIONER OF SOCIAL SECURITY,                        )
                                                        )
    Defendant-Appellee.                             )
                                                        )

BEFORE:  GUY and GRIFFIN, Circuit Judges; and BARZILAY, Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiff Karen Moses appeals the district court's judgment in favor of the Commissioner of

Social Security on her claim for Disability Insurance Benefits and Supplemental Security Income.

Because we conclude that there was substantial evidence to support the Commissioner's decision,

we affirm.

I.

On December 15, 2006, the Administrative Law Judge ("ALJ") denied Moses's application

for benefits.  The ALJ found that Moses's impairments did not meet any of the relevant Social

Security listings.  The ALJ also concluded that Moses had the residual functional capacity to lift or

---

[*]The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade,
sitting by designation.

carry 25 pounds frequently and 50 pounds occasionally; she could stand or walk for 6 hours in a workday and sit for 5 hours in a workday; she should never climb ladders, ropes, or scaffolds; and she should never engage in repetitive bending, stooping, or lifting heavy objects. The ALJ therefore concluded that, based on the vocational expert's responses to the hypotheticals, plaintiff "could perform her past relevant work as a dog groomer . . . . and has not been under a 'disability' as defined in the Social Security Act."

Moses filed an appeal with the Appeals Council, which was denied. Moses then filed a complaint in federal court, seeking judicial review of the final decision of the Social Security Administration. The magistrate judge issued a Report and Recommendation affirming the denial of benefits. Moses filed objections, and the district court adopted the magistrate judge's Report and Recommendation and entered judgment affirming the Commissioner's decision. Moses timely appeals.

II.

In reviewing the Commissioner's determination of whether an individual is disabled, we are limited to evaluating whether substantial evidence supports the ALJ's conclusion and whether the ALJ applied proper legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *see also Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 99 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). To determine whether substantial evidence exists, we must review the

administrative record as a whole.  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th

Cir. 1994).  Reversal of the Commissioner's findings is not appropriate "merely because there exists

in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762,

772 (6th Cir. 2001).  We may not review the case *de novo*, resolve conflicts in evidence, or decide

questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

III.

Moses argues that the ALJ erred in finding that she could perform her "past relevant work";

gave too much weight to the opinions of Anton Freihofner, M.D. and Jon Starr, M.D., and too little

weight to the opinions of George Griffin, M.D. and Phillip Diller, M.D.; and improperly discounted

her testimony that she suffered disabling pain.  We consider the arguments in turn.

Moses first contends that the ALJ erred in finding she could perform her "past relevant work"

because her "job required her to stand and walk 8 hours, to lift up to 100 pound dogs, and to stoop

for 7 hours a day."  We disagree.  As the magistrate judge explained below, the ALJ did not find that

plaintiff could perform her past relevant work as a dog groomer *as she performed it*.  Rather, the ALJ

found, relying on the vocational expert's answers to the hypotheticals, that Moses could perform her

past relevant work as it is *usually performed* in the national economy, i.e., requiring her to frequently

lift 25 pounds or more and occasionally lift 50 pounds or more.  *See Moses v. Astrue*, No. 1:07-cv-

407, 2008 WL 4425541, *10-11 (S.D. Ohio Sept. 30, 2008) (unpublished); *cf. Studaway v. Sec'y of

Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987) (explaining that if a plaintiff retains

the residual functional capacity to perform the physical and mental requirements of work performed

in the past, plaintiff is not disabled; rather, plaintiff must prove an inability to return to his or her former type of work and not just to his or her particular former job) (citation omitted). The question is whether there was substantial evidence to support the ALJ's decision that Moses could perform that job.

Moses contends that there was not and that the ALJ's contrary determination resulted from an improper weighing of the opinions of Drs. Freihofner, Starr, Griffin, and Diller. Drs. Freihofner and Starr reviewed the record and opined that plaintiff could frequently lift 25 pounds and occasionally lift 50 pounds. Dr. Freihofner also opined that plaintiff could stand for 6 hours in a workday and also sit for 6 hours in a workday. After treating Moses extensively, Dr. Griffin twice concluded that Moses was "totally disabled," but otherwise merely opined that she should perform "no repetitive bending, stooping, or heavy lifting." Dr. Diller treated Moses minimally and opined that she could lift no more than 5 pounds; that she could stand or walk for only 15 minutes and would need to shift positions; and that she could frequently balance, occasionally stoop, and never climb, kneel, or crawl. Dr. Diller also stated that Moses's ability to reach, push, and pull were all affected by her injury, and that she should avoid heights, moving machinery, temperature extremes, humidity, and vibration. The ALJ gave "significant weight" to Dr. Freihofner's opinion, "some weight" to Dr. Griffin's opinion, and "little weight" to Dr. Diller's opinion.

We find no error. The ALJ's decision to give Dr. Freihofner's opinion "significant weight" is supported by Dr. Griffin's treatment notes which show that on numerous occasions Moses's straight leg raising tests were negative for both legs, while on just one occasion her straight leg raise

test was positive on the right, but negative on the left; that Moses sometimes had an antalgic gait, which Dr. Griffin described as mild or occasional, while on numerous other occasions Moses had a normal gait; that Moses had normal muscle strength and no loss of sensation; and that while Moses sometimes had a decreased range of motion, the degree of that limitation was fairly mild. The ALJ's decision to give significant weight to Dr. Freihofner's opinion is also supported by the fact that Dr. Starr essentially concurred with Dr. Freihofner's opinion and by the fact that Dr. Freihofner's specific restrictions were consistent with Dr. Griffin's more general recommendation that Moses should avoid "repetitive bending, stooping, or heavy lifting."

There is also substantial evidence to support the ALJ's decision to give "little weight" to Dr. Diller's opinion that Moses could occasionally lift no more than five pounds and frequently lift less than that amount. The ALJ correctly observed that Dr. Diller's proposed restrictions conflicted with the objective findings of Dr. Griffin, including the conclusion that Moses had a normal gait and negative straight leg tests on many occasions, with the far less extreme restrictions recommended by Drs. Griffin, Freihofner, and Starr, and with Moses's own testimony that she could lift and carry up to 10 pounds, drive, wash dishes, and go grocery shopping and wash laundry with help.[1] Moreover, the record reflects that Dr. Diller treated Moses on only three occasions between September 2005 and January 2006, mostly for respiratory problems, high cholesterol, and a PAP test;

---

[1]Moses also argues that the ALJ erred in her assessment of Dr. Diller's opinion because the ALJ did not find that Moses had a herniated disc as revealed by the 2004 MRI. However, the ALJ described Moses's objective medical findings in detail, including the results of the MRI, and there is no reason to think that the ALJ did not consider all of the record evidence in evaluating Dr. Diller's opinion.

and Dr. Diller also candidly acknowledged that he did not have Moses's "full evaluation" at the time he rendered his opinion about her physical limitations.

The ALJ's decision to reject Dr. Griffin's conclusion that Moses was "Totally Disabled" was proper too. An ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) (explaining that whether a claimant is totally disabled is a question reserved for the Commissioner). Here, the ALJ rightly pointed out that Dr. Griffin not only "offered no explanation as to why the claimant was disabled," his treatment notes "from March of 2004 through August of 2005, are relatively normal . . . . straight-leg raising tests were negative; motor and muscle strength was normal; her pain intensity was decreasing with physical therapy and pain medication; and there was no evidence of decreased sensation, numbness, or paresthesia." Accordingly, we conclude that the ALJ did not err in declining to accept Dr. Griffin's conclusion that Moses was totally disabled.

This leaves Moses's argument that the ALJ erred by failing to credit her testimony that she suffered from disabling pain. The ALJ was skeptical of Moses's testimony about the disabling effects of her pain because Dr. Griffin's treatment notes showed that, especially by the end of Moses's treatment, her pain was well-controlled with medication: in June 2004, Moses rated her pain as a five on a scale of one to ten; in July 2004, she rated her pain as a three; in October 2004, she rated her pain as a five or six; in November 2004, she rated her pain as a three; in January 2005, she rated her pain as a five to a seven; in February 2005, she rated her pain as between a four and a

six; in March 2005, she rated her pain as a three to four; in April 2005, she rated her pain as a zero to four; in May, June, and July of 2005 she rated her pain as a three; and at her last appointment with Dr. Griffin in August 2005, she rated her pain as between a zero and a three.

The ALJ also found that Moses's assertion that she suffered from disabling pain conflicted with the objective findings of Dr. Griffin that on many occasions she had a normal gait and negative straight leg tests, as well as with Dr. Griffin's notes showing that Moses regularly denied motor weakness or difficulty walking. In addition, the ALJ determined that Moses's assertions of disabling pain were undermined by her testimony that, with help, she sometimes washed the dishes, went grocery shopping, dusted, washed the laundry, went to bed around nine or ten at night, got up at seven in the morning, did not nap during the day, drove about three miles once a week, and did not experience any side effects from her medications. *Cf. Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (noting that an ALJ may consider household and social activities in evaluating complaints of disabling pain or other symptoms) (citation omitted). Because we find the ALJ's decision to discount Moses's testimony reasonable and supported by substantial evidence, it will be upheld. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

## IV.

For these reasons, we affirm.